# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON McGLOTHLIN, # R-16047, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 13-cv-01176-MJR |
| ZACHARY S. ROECKEMAN and LT SCHULER, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Jason McGlothlin, an inmate currently incarcerated at Big Muddy River Correctional Center ("BMR"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff claims that two BMR officials, Defendant Roeckeman (warden) and Defendant Schuler (internal affairs lieutenant), unlawfully prohibited him from visiting with his wife (Doc. 1, p. 5). Plaintiff sues Defendants for declaratory judgment and monetary damages.

## The Complaint

According to the complaint, Plaintiff was informed that he could not receive visits from his wife, unless she complied with an Illinois Department of Corrections (IDOC) regulation requiring individuals on parole or probation to submit a written request for visitation along with a letter approving the request from that individual's parole or probation officer (Doc. 1, p. 5). Plaintiff's wife complied with this requirement. However, the request was denied.

Defendant Schuler told Plaintiff that his wife would "by no means be allowed to visit [Plaintiff] at this institution or any other" (Doc. 1, p. 5). Defendant Schuler then placed Plaintiff's wife on a statewide restriction. Plaintiff claims that Defendant Schuler treated him

1

differently for no reason. Plaintiff has observed other inmates visiting with individuals who are on parole or probation.

Plaintiff filed a grievance with Defendant Roeckeman around January 14, 2013. In the grievance, Plaintiff asked to speak with Defendant Roeckeman personally about the visitation request and Defendant Schuler's response. Plaintiff's grievance was denied. Plaintiff appealed the decision on April 4, 2013. More than six months passed without any response. Plaintiff "feels as if [he] ha[s] already been retaliated against by Warden Roeck[e]man [sic] for the grievance [he] filed" (Doc. 1, p. 5).

Plaintiff now sues Defendants under 28 U.S.C. § 1983. He seeks declaratory judgment (Doc. 1, p. 6). He also seeks money damages in the amount of $300,000 (Doc. 1, p. 7).

**Merits Review Under § 1915A**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

**Discussion**

After carefully considering the allegations in the complaint, the Court finds that the complaint articulates a colorable First Amendment claim against Defendant Schuler for violation of Plaintiff's freedom of association (**Count 1**). At this early stage, the Court also finds that the complaint states a colorable Fourteenth Amendment due process claim (**Count 2**) and class-of-one equal protection claim (**Count 3**) against Defendant Schuler.

With regard to these claims, the law is clear that there is no unqualified or clear constitutional right to jail visitation. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 461 (1989). As the United States Supreme Court has point out, "The very object of imprisonment is confinement. Many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner. An inmate does not retain rights inconsistent with proper incarceration." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) (citations omitted). Certainly, the "freedom of association is among the rights least compatible with incarceration." *Id.* (citing *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125-26 (1983)).

Nevertheless, the freedom of intimate association protects "certain kinds of highly personal relationships." *See Roberts v. U.S. Jaycees*, 468 U.S. 609, 618, 619-20 (1984). According to the complaint, the regulation at issue *authorizes* visits after certain steps are completed. The complaint does not challenge the regulation. Plaintiff challenges Defendant Schuler's disregard of it as applied to him, in contrast to others who are similarly situated. While

3

the Court takes no position on the ultimate merits of the claims, the Court cannot dismiss them outright at this time. Accordingly, Plaintiff shall be allowed to proceed with Counts 1-3 against Defendant Schuler.

However, Plaintiff shall not be allowed to proceed with Counts 1-3 against Defendant Roeckeman. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). However, beyond alleging that Defendant Roeckeman denied Plaintiff's grievance regarding this matter, the complaint sets forth no allegations suggesting that Defendant Roeckeman knew of or was personally involved in the decision to deny the visitation request. *See Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene). Further, no policy or practice attributable to Defendant Roeckeman is alleged or intimated. Therefore, in terms of individual liability, the complaint fails to state a claim against Defendant Roeckeman.

No official capacity claim has been stated against Defendant Roeckeman either. The complaint does not seek injunctive relief. Further, the Eleventh Amendment bars official capacity claims for monetary damages. *Brown v. Budz,* 398 F.3d 904, 917-18 (7th Cir. 2005). Accordingly, Plaintiff cannot proceed with Counts 1-3 against Defendant Roeckeman, although he shall be allowed to do so against Defendant Schuler.

4

The complaint fails to state a claim against Defendants for retaliation (**Count 4**). Defendant Schuler is not mentioned in connection with a retaliation claim. With regard to Defendant Roeckeman, Plaintiff alleges, "I feel as if I have already been retaliated against by Warden Roeck[e]man [sic] for the grievance I filed" (Doc. 1, p. 5). The complaint identifies no retaliatory act taken by Defendant Roeckeman. In the prison context, where an inmate is alleging retaliation, the inmate must identify the reasons for the retaliation, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Plaintiff must have engaged in some protected First Amendment activity (for example, filing a grievance or otherwise complaining about conditions of confinement), experienced an adverse action that would likely deter such protected activity in the future, and must allege that the protected activity was "at least a motivating factor" in the Defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009). The inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a claim for retaliation the reason for the retaliation and the acts taken in an effort to retaliate suffice. *Higgs*, 286 F.3d at 439. While the complaint alleges the reason for retaliation (i.e., filing a grievance), it identifies no retaliatory action taken by either defendant. Accordingly, Count 4 shall be dismissed without prejudice.

The complaint also fails to articulate a colorable claim for denying and/or delaying grievances (**Count 5**). Plaintiff challenges Defendant Roeckeman's denial of his January 14, 2013, grievance. However, a cause of action does not arise where a plaintiff files a grievance, and simply disagrees with the outcome. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative

5

review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired). Accordingly, Count 5 shall also be dismissed without prejudice.

**Pending Motions**

Plaintiff's motion for service of process at government expense (Doc. 3) is **GRANTED in part**, as it pertains to **DEFENDANT SCHULER**, and **DENIED in part**, as it relates to **DEFENDANT ROECKEMAN**.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS 4** and **5** are **DISMISSED** without prejudice from this action for failure to state a claim upon which relief can be granted.

**IT IS ORDERED** that Defendant **ROECKEMAN** is **DISMISSED** from this action without prejudice.

**AS TO COUNTS 1, 2,** and **3,** the Clerk of Court shall prepare for Defendant **SCHULER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the

Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or

give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 11, 2013**

                                                **s/ MICHAEL J. REAGAN**
                                                **U.S. District Judge**